We'll hear argument first this morning in Case 11-159, Astrue v. Capato. Mr. Miller. Mr. Chief Justice, and may it please the Court, the Social Security Administration has reasonably interpreted the Social Security Act to provide that, as a general rule, a person seeking to establish eligibility for child survivor benefits must show that he or she would have been able to inherit personal property from the decedent under applicable state and testicy law. That interpretation is supported by the text, structure, and history of the Act, and it comports with principles of federalism because it defers to state law on the determination of family status, which is a traditional subject of state regulation. It's reasonable and entitled to deference under Chevron. Now, the textual arguments in this case involve the interaction of three provisions of the Act. The first is section 402d1, which is the basic benefits-granting provision, and that says that under certain conditions, the child of a wage earner is entitled to benefits. And that provision has a cross-reference to a definition of child in section 416e of the Act. And 416e, which is reprinted at page 4a of the appendix to our brief, says that the term child means, one, the child or legally adopted child of an individual, two, a stepchild under certain cases, and, three, a person who is the grandchild or step-grandchild of an individual. Now, I think the one thing that's immediately apparent from looking at that provision is that under anyone's reading, it's a little bit confusing because it uses the word child twice to mean two different things. That is, the first child is broader than the second because the first one includes the second, as well as adopted child, stepchild, and so forth. Alitoso, suppose the State legislature got the crazy idea that children born to married people during the time of the marriage shouldn't inherit under State intestacy law. Would that mean that they would be ineligible for survivor's benefits? Not necessarily, because if somebody doesn't qualify under — and I should say at the outset that that is unlike the law of any State, either in 1939 or today. But what if they did that? There are two alternative mechanisms that Congress added to the statute in the 1960s to allow children who lack intestacy rights to establish their eligibility. Those are 416h-2b and 416h-3. And 416h-3 says that an applicant who is the son or daughter of an insured individual, but is not a child under paragraph A, which is the reference to State intestacy law, shall nevertheless be deemed to be a child if there was an acknowledgment in writing that the child was — that the applicant was the son or daughter or there was a court decree for support. So I think that's what Congress added. Ginsburg. Those are obviously meant to deal with children whose parents are not married. That's right. And the reason for that is that, in fact, under the law of every State, both in 1939 and today, children whose parents are married do have State — do have intestacy rights. But I think what the provision I just referred to illustrates is that the term child in the statute is a legal term of art. Because if you were just looking at the ordinary meaning of the word child, the concept of an applicant who is a son or daughter, but is not a child, would be completely nonsensical. Maybe it means something else. Maybe it means that to the Congress that initially enacted the predecessor of this provision, a child was a child. They knew what a child was. And the type of child that I mentioned earlier was a child. There wasn't need for any definition of that. And they never had any inkling about the situation that has arisen in this case, just as they had no inkling that any State would go off and take away intestacy rights for children born to married people during the course of their marriage. Well, I mean, I think — I think those are probably accurate factual claims about what Congress was thinking. But had Congress wanted — the way that Congress chose to make sure that the children of married parents could establish their eligibility was by looking to State intestacy law, because Congress knew that under State intestacy law, those children had such rights. Kagan. But isn't there something sort of bizarre about your reading? Because Congress, in the E section, sets up very specific definitions about stepchildren and grandchildren and even step-grandchildren in which State intestacy law is not referenced. But you're saying that as to the largest category, the category in which 90 percent of people are going to get benefits, there Congress sent us a little off to State law. Well, that's what section 416H says. Section 416H sets out a rule. Well, suppose I'm not so convinced that H is as clear as you think it is, because there are two sentences of section H. I'm just asking you to provide a reason why Congress would have specified everything about what — how you get benefits for stepchildren and grandchildren and stepchildren, but not for the main category of people at issue. Well, I think it's because with respect to the main category of people at issue, the question Congress was asking is, what is the class of people who are likely to have a sufficiently close relationship to the insured person such that it would be appropriate to provide benefits to replace the loss of support that they would likely be getting during the person's life. And if you look at what is the body of law that defines that class of people who have a close relationship with someone, it's State intestacy law. And State intestacy law sets out clear, easy-to-apply rules for the distribution of estates. Ginsburg. Mr. Miller, there's one provision in H that's puzzling, and maybe you can tell me what it means. It's in H2A, and it's the last sentence of A. It says, What person is that referring to, someone who is not a child but has the same status as a child? That's right. The first sentence sets out the general rule that you look to State law for the definition of child, and the second sentence says that people who do not have the status of children but nonetheless have the inheritance rights of children shall be deemed children. And as a practical matter, the people that that applies to are people who have been equitably adopted. There's a doctrine in the law of many States where you have an adoption or you have an agreement to adopt, but not yet a completed legal adoption. In that circumstance, the would-be adoptee does not have the status of a child for all purposes or even necessarily for all inheritance law purposes, but can take property from the adopting parents. So that's who would be covered by that sentence, and that's now addressed in the regulations at Fort. Ginsburg. Anyone else or just that category? I think that is the most likely category that it would apply to. Counsel. I'm sorry. Go ahead. You said earlier that the State intestacy law provides clear rules, but I assume that's not always the case, particularly with all this new technological advancement. There must be situations where you can't tell what State intestacy law provides. And what does the Social Security Administration do in that case? Right. The Social Security Administration tries to apply State law and in a way it's not clear. My hypothetical is that there's no clear answer. I mean, let's take a situation where this type of reproduction is new and the State does the best that it can to figure out what the State law is, and then on review in the district court, you know, the district court is able to review that, and there have been cases in which district courts have certified questions to State courts. And I think actually the fact that there are those difficult questions that can come up in some of the cases, particularly involving assisted reproductive technology really illustrates one of the virtues of leaving it to the States, rather than, as Respondent would have it, effectively forcing SSA and then the Federal courts on review of its decisions to create a sort of Federal common law of parentage to resolve all of those very difficult questions. Sotomayor It was in my memory, and it's been a while, that some States, if not all, and that's what I was going to ask you, basically deem any child born during a marriage to be a child of the marriage, whether it's a biological child or not, so that if a mother has had a relationship outside of marriage, the married parent is still responsible for that child. That would take care of, I think, a great number, wouldn't it, of the new technology births that occur without perhaps the input of one of the biological input of one of the parents? That's right. In fact, there are statutes in a number of States addressing the question of the one of the yes. Sotomayor Yes. My question was, do all States have similar rulings? And for those that don't, what happens to a child that's been born with a biological input, as Justice Roberts said, that, as the Chief said, with new technology, what happens to that child in terms of their definition of whether they'll be considered a child for Social Security purposes? Justice Breyer I can't speak with certainty to all of the States, but I believe that that is the general rule. So I'm not aware of any States where, when you have a married couple using donor sperm, that the child would not be deemed the child. My impression is that, I'm not sure it's by statute, but just by judicial decision, a child born in the marriage is a child of the marriage unless the child is repudiated by the father. I think that is the general rule. And I think one thing that that illustrates, of course, is that Respondent's definition, which is also the court of appeals' definition of what a child is, and the definition that they urge the Court to apply in 416 is the biological child of married parents. And not only is the — does the married part of that not comport with the ordinary understanding of child, because, of course, in ordinary usage, whether somebody is a child doesn't depend on whether their parents are married, but the biological part also does not comport with legal usage, because both in 1939 and today, there are many cases in which biological parentage is not determinative of legal parentage, both for the reason that we were just talking about, and then also for another example is when you have an adoption, a child who has been adopted by somebody else is no longer legally the child of his biological parents. Kennedy, would you tell me if the Capado twins are both found to be children within the meaning of the Act, will they meet the dependency or the deemed dependency requirements, or is that a backup argument that you have, or? That would be a question for the agency to address in the first instance. The agency has not addressed that question in the administrative process here, so we are not. It was addressed in the Ninth Circuit decision, wasn't it? That's right. And the Ninth Circuit read the dependency provision of the Act to say that any legitimate child is deemed to be dependent, and it then conducted an examination of legitimacy under California. You don't have a position on that here? You want that to be elaborated more by the agency? That's right. I mean, what I will say is, just speaking in general terms about dependency, the statute creates a number of presumptions that allow basically any natural child, any child under the first or second child in 416e1, anyone who fits into that category is deemed to be dependent. So it doesn't necessarily turn on factual dependency, which is obviously not present in a case like this. Irrebuttable presumption or irrebuttable? The presumption in favor of dependency for anyone who qualifies is irrebuttable. Well, you rely only on that definition. The section is entitled Old Age and Survivors Insurance Benefit Payments, and it also provides in D that the child is entitled to the benefits if, among other things, C, was dependent upon such individual, one, if such individual is living at the time of the application was filed, two, if such individual has died at the time of death, or three, if such individual had a period of disability, et cetera, et cetera. It seems to me, is the word survivor used anywhere in the text of the statute except in the heading of this section? I don't know. It doesn't appear in any of the operative definitional provisions, but I would certainly agree with you that it is. Scalia's titles to determine the meaning of ambiguous provisions later, don't we? Yes, and I certainly would agree with the idea that it is difficult to describe someone as a survivor who was not alive at the time that birth. Nor would he meet the requirements of C, would he? Would he meet any of the requirements of C? Of D, 1, C. The dependency requirement is defined in 402d3, which unfortunately is not reproduced in the appendix, but which has the effect of making anyone who qualifies under 416h be deemed dependent. We don't think that the children in this case qualify under 416h, so there's not even any need to reach the dependency question. Scalia, then what does D, 1, C do, if it's all washed out by 416h? Well, the dependency requirement is something that people who don't qualify under 416h, people who are adopted children or stepchildren or grandchildren may in some cases have to make an individualized determination of. Well, it doesn't say this. It says every child as defined in 416e has to meet that requirement. If such child, the one defined in D. Right, but then 402d3 says a child shall be deemed dependent under certain circumstances that effectively track the 416h analysis. And I would refer you on that point to the agency's regulations defining dependency, which are 404.361, which say that any natural child, which is the term the agency uses for that second child in 416e, any natural child is deemed dependent. Now, Justice Scalia said that the statute was ambiguous. Is that your position? Is it your position that the definition of child is ambiguous and that we have to give the agency deference, or is it your position that in context it's unambiguous and even if the Social Security Administration wanted to extend benefits, it couldn't in the circumstances of this case? I think that when the statute was initially enacted in 1939, with more or less the same structure of these provisions as we have now, it might at that time have been the case that the agency adopted an interpretation that is, again, in structure materially identical to its current interpretation in 1940, and it has adhered to it ever since, and Congress has amended the statute with the understanding that that was the interpretation that everybody had to go through State law to qualify. And I think in light of that history, at this point, and Congress's ratification of that understanding, at this point, the best view is that it is unambiguous and clearly resolves the question in favor of the interpretation set out in the agency's regulations. Kagan. Mr. Miller, can I take you back to 416e? I take it that you don't contest that for purposes of deciding which stepchildren get benefits and which grandchildren get benefits, we're just looking to Federal law, that we don't look to State law on those questions. Is that correct? Yes, because those terms do not appear in 416h. There's no instruction in the statute that those terms be defined by reference to State law as there is with respect to child. You know, I'm looking at some of these, the grandchildren one, for example. It says a person who is the grandchild, but only if, blah, blah, blah. It seems to have just sort of an understanding of what a grandchild is. In other words, it's not really defining a grandchild here. It's limiting a class of grandchildren with a preexisting understanding of what a grandchild is. And so I'm wondering, if that's true of grandchildren, why isn't it also true of children? Well, I should say two things about that. Then the first is, specifically with respect to grandchildren, the agency is the agency defines a grandchild as the child within the meaning of the statute of a child. And that's set out in the regulations at 404.358. I'm sorry, the child of a child, but child, what kind of child? Well, somebody who would qualify under 416h as a child. Oh, so for grandchildren, the agency is also looking to State law? Indirectly. I mean, a grandchild is not expressly defined in the Act. But somebody who qualifies either under State law or you can also qualify as a stepchild or adopted child of someone who qualifies as a child in that same sense. But, again, the lack of a — what's significant, I think, is the lack of any other provision in the statute that tells you how to define grandchild. I mean, the run of cases that Congress was concerned about involved children. And for — in explaining to the agency how to deal with those cases, Congress gave explicit guidance, and that's to look to State law in 416h. Now, the Respondent makes much of the fact that the benefits granting provision 402d has an express cross-reference to the definition in 416e, but doesn't cross-reference the definition in 416h. And I think there are two problems with that argument, the first of which is that 416h by its own term says that it applies for purposes of this subchapter, that is, throughout all of the parts of the Act that we're talking about here. So effectively, 416h incorporates itself into the 416e definition, and there's no need for an express cross-reference. The second point about that is that the structure of the definitions here is very similar to the structure of the definitions used in defining other family relationships that are eligible for benefits. So under 402 and some of the other subsections of 402, there are benefits for the wife or husband or widow or widower of an insured person. And just to take the benefits for a wife as an example, in 402b, the statute says that the wife, parenthesis, as defined in section 416b of this title, close parenthesis, under certain circumstances, can get benefits. If you look at the definition in 416b of wife, it's very much like the definition in 416e. It says the term wife means the wife of an individual, and then it has some limitations. So if you were to take the Respondent's approach, you would just stop there and apply some sort of Federal standard of figuring out whether people are married or not. But, in fact, 416h, in paragraph 1 of 416h, says an applicant is the wife or husband or widow or widower of an insured person if the State courts would regard them as being married. So in the 1939 Act, all of those references to State law for wives and widows and children were all combined in one paragraph, so it was even clearer that that was how the statute worked. You look to State law for defining all of those. Scalia Counsel, I now have in front of me H3. I don't see how it has anything to do with whether the child was dependent under D1c. Why do you think it has something to do with that? I'm sorry. The definition of dependency is in D3, 402d3, not 402d3 says a child shall be deemed dependent upon his father unless at such time such individual is not living with or contributing to the support of such child, and the child is neither the legitimate nor adopted child of the individual. So the effect of that is anyone who is a legitimate child is deemed dependent under 402d3. Scalia Well, unless such individual was not living with or contributing to the support of such child, which is certainly the case here, the child had not yet been born, and other qualifications, the principal condition does not exist, shall be deemed dependent upon his father or adopting father unless at such time such individual, mother or father or adopted father, was not living with or contributing to the support of such child. How does that alter the dependency requirement of D1c? Because the child is deemed dependent unless he was, I mean, again, to be clear, we think that the children in this case do not, are not eligible for child status because they don't meet the requirements of 416h. Scalia Well, that may well be, but if that is ambiguous, why doesn't D1c, despite the fact that, what is it, H3 or whatever the three we have been playing with here, despite D3, despite that, it seems to me that they don't meet that requirement. That might well be the case. Our position is simply that that's not an issue that the agency has addressed and that would be a matter for the agency to resolve in the first instance if this Court were to disagree with us on the definition of child. I referred a minute ago to the 1939 Act and the structure of that Act, and I think that's very instructive because, again, the way that the provisions were arranged in the 1939 Act, as we set out in our brief, were the same for present purposes as they are today. And Congress, when it amended the Act in the 1960s to allow certain non-marital children to be eligible for child status, recognized that that was the case, recognized the commission's interpretation that everybody had to go through 416h and establish their eligibility under State law, and it chose to make express exceptions to the requirement of State law for those children. No such exception applies here. If I could reserve the remainder of my time. Roberts Thank you, Mr. Miller. Mr. Rothfeld. Rothfeld Thank you, Mr. Chief Justice, and may it please the Court. If I can, I'll start with a question that Justice Sotomayor asked about ambiguity or not of the statute. And we think that, in fact, the statute is not ambiguous at all. We think that it unambiguously dictates the reading that we advance. And it's useful, I think, in addressing the case to recognize that it presents essentially two issues. One is whether all of the categories of applicants for child survivor benefits that are defined to be children in the statutory definition of child, section 416, qualify for child benefits without reference to State law as we submit. If they do, then the second question is whether the children in this case, the Capado twins, fall within one of the categories of children so defined. And we think that they very clearly do. Congress said expressly that every child, as defined by section 416e, shall receive benefits so long as they satisfy certain criteria that are not at issue in this case. Section 416e, to which Congress has expressly directed us in determining who is a child eligible for these benefits, defines a child to be, one, child or adopt a child, two, a stepchild. Sotomayor Excuse me. Could you tell me what purpose 416h serves in this statute? If, given that you believe that 416e is self-sufficient unto its own. We think that section 416e is sufficient as to the children I defined to be a child within that statute. As the child who should receive. So what's the purpose of h? And our understanding of who falls within the section 416e, e1 definition of child is the natural child, the biological child of married parents. So a child who was born during marriage but is not a biological child wouldn't qualify, even though they qualify under State law as a child. Well, that's the question of what h is designed to accomplish. We think that Congress enacted h for children whose parentage or parental relationships were unclear, which would principally have been children who were born outside of marriage, as to whom there was no presumption. Sotomayor So with this, let's assume Ms. Caputo remarried, but used her deceased husband's sperm to birth two children. They are the biological children of the Caputos. Would they qualify for survivor benefits, even though she's now remarried? Well, I think that's an interesting and more difficult question than what we have here. I think that the answer may well be yes. And I think that the situations like that can arise really in outside of the IVF context, sort of related situations. Sotomayor But, you see, a situation like that is what is making me uncomfortable, because I don't see the words biological in this statute. I don't see the word marriage directly within the definition of child. So where do I draw them from? Where do I come from? Well, let me answer both of those questions. As to where marriage comes from, I think from a number of sources. One is the point that was raised by Justice Alito and Justice Kagan, that at the time Congress enacted this statute in 1939, the overwhelming majority of children in the United States, more than 90 percent, it was actually more than 95 percent, were the children of married parents. And so when Congress Sotomayor That would be true under State intestinal law. Well, but simply as to what Congress had in mind when it said a child is a child, and you ask where marriage comes from in the statute, I think when Congress said a child is a child, as I think Justice Alito's question suggested, it would have had in mind the paradigm of a child at that time, which was the children of married parents. Ginsburg But the words, you say this is plain meaning. It says the child of a wage earner, an individual, child. It seems to me you are importing the term married because someone can be the undisputed child of a wage earner who is unmarried. So it's not a question of disputed versus undisputed. A wage earner can have a child, undisputed that the wage earner is the parent, but the wage earner is not married. Roberts Well, let me say two things about that. First, to continue the question of where marriage comes from, there is a textual reference to marriage which appears in section 416H2B, the companion to the intestacy provision upon which the government relies. Ginsburg But I thought we weren't supposed to look to H at all. I mean, your thesis is E covers it, and there's no reason to refer to H. Roberts But I think H reflects what Congress had in mind in the statutory definition, because in the provision that I'm referring to, Congress said that if the parents went through a form of marriage that was defective in some sense, nevertheless, the child would be deemed to be a child, which tells us that marriage, A, was a significant part of what constitutes childness as defined in the statute. Scalia I don't – look, when Congress says child, child means child. And the mere fact that Congress wrote that at an age when most children were indeed children of married people doesn't change the word child. I mean, we don't go back and say, well, Congress often uses words that go beyond what their immediate concern is, and here they use the word child. They want us to probe their mind and say, well, since 90 percent of all children were children of married people, that's what they must have meant by child. I just don't think that follows at all. Child means child. If I may, Your Honor, Congress wrote a Federal definition of child, and as Mr. Miller acknowledged in his opening argument, when Congress defined child, it defined child to include a number of things. The first thing that it defined was a child is a child or adopted child, and then stepchild, grandchild, step-grandchild. Congress used the word child to have a particular meaning, because it said a child is a child and other things. The other things that it mentioned were children.  But, Mr. Rothfeld, I guess the question is, when it says a child is a child, does it mean a child is a child born in wedlock or a child is just a child? And we know that Congress knew how to distinguish between the two, because Congress distinguished between the two in this very Act, in the dependency provisions. It talks about the legitimate child of such individual. Well, here it didn't add that word. It just said the child. Rothfeld. But I think the reason it did that, I mean, as, again, as Mr. Miller said, Congress used the word child in two senses. It used the word child in the generic sense. Everyone who qualifies for child benefits is a child. So it said a child is, in that sense, a child, adopted child, stepchild, and so forth. In the dependency section, Congress is referring to all children, all children in that, in the generic sense, everybody who qualifies for benefits as a child. And therefore, Congress had to distinguish between what we say it meant when it said a child is a child, natural child of married parents. That's just. Kagan. Are there any other statutes that you can point to around this time which support the notion that when people said child, they meant child within a legal marriage? I can't point you specifically to that, because I think it was clear when Congress used the word child that that's what they had in mind, as a generic matter. As I suggested, when. I'm sorry, you can't point to anything because it's so clear? In a sense that that's right. If everyone knew what the word meant, the word child was used to define, I think, the category that people would have had in mind when they thought of a child in the legal sense. Now, I'm not sure. Ginsburg. Mr. Rothfeld, don't you run into a problem, perhaps not in 1939, but since then, this Court has had a number of decisions that deal with the distinction between children born in and out of wedlock, and in some of those cases, it has held that the distinction between the two is unconstitutional, that there are no illegitimate children. All children are legitimate, whatever their parents may be. That is true, but I think the question is what was the intent of Congress when it wrote this statute in 1939? Yes, but if we are going to apply those equal protection decisions to this statute. Well, that may suggest that an unfavorable application of the statute to children born out of wedlock would be unconstitutional. But the question is whether or not Congress intended to provide benefits. But these two. I suppose the question is, aren't you at the very least getting us into a situation where we should interpret the statute the government's way because of constitutional avoidance concerns? I think that the contrary is true. I think that you should interpret it our way, because the government's application sort of disfavors children who are born through, you know, assisted means by its incorporation of State law. Scalia. Oh, it disfavors children who are born after the father has died, which is in accord with the title of the section, Survivors' Benefits. What's at issue here is not whether children that have been born through assisted means, through artificial insemination, get benefits. It's whether children who are born after the father's death get benefits. But I think that, and I suspect the reason that Mr. Miller was resisting your questions on that point, is that there is no question that children who are born, who are conceived naturally in the marriage and are born after the father's death are deemed to be dependents and receive benefits. That has been the consistent position of the agency, and we think that that's clearly right. So I don't think that the fact that the child was born after death says dispositively that they were not dependent upon. Sotomayor, I have a little bit of resistance to what your definition of child is. Is it just a biological offspring? Is it limited to a biological offspring born of a particular marriage, but in what context? Because we go back to Justice Ginsburg's question of what happens if the, if the decedent is the mother, and there's no question that she bore this child. Married or unmarried, does it matter? Does marriage matter only if it's the father that's the decedent? What is your – if there's a sperm donor, does any offspring that sperm donor have qualify? No, we think not, because we think what Congress had in mind when it said in the first part of clause 1 of the definition of child is the child, the natural child, and I use natural as distinct from adopted child or stepchild who are dealt with separately in the statute, which is why we think it is clear that Congress is there talking about natural children, biological children, the natural children of married parents, which we, as I say, the reason we think that countries can't do that is because would then have been referred to the intestacy provision upon which the government relies. And so there are situations in which you think those provisions should govern. Yes, absolutely. We think that those provisions were added as an additive provision, as a mechanism for children who do not qualify for the definition to be deemed a child. This is what was not clear to me. So you're not arguing that child has just one natural meaning? We argue that Congress used the word child. In whatever meaning you could give it. We — I wouldn't say that. I think that when Congress said a child is a child, which is the provision of the statute we were referring to, it was distinguishing the child from the adopted child and the stepchild, and we think that they were doing it in the context of marriage, because, A, that was the paradigm of family relationship at the time. And, B, we think the reason — what Congress was very concerned with accomplishing in the statute was guaranteeing certainty in the parentage and the parental relationship, and it set up a system of — because in 1939 there were no genetic paternity tests, there was no — it was impossible to be absolutely scientifically certain as to who the — at least as to who the father was. Congress set up a series of proxies to establish whether or not the applicant for child benefits was, in fact, the child. The principal one of those was a marital relationship, because in 1939, as I think Justice Scalia's question suggested, there was a very strong, virtually per se conclusive presumption that a child born in marriage was the biological natural child of both the father and the mother of the married couple. And so the existence of a marriage was a way of establishing in 1939 dispositively that the child was the child of the parents, the child of the survivor, of the insured whose eligibility for benefits are being invoked here. Kagan. Mr. Rothfeld, I'm curious why you didn't argue a different theory, which is that E refers to all biological children, whether in marriage or outside of marriage, and then H is set up for cases in which biological status is contested. I mean, what would you think of that theory? Rothfeld. Well, we would certainly embrace it if the Court were to be— Well, why didn't you argue it?  Our sense of what Congress was up to was that it wanted to assure certainty, as I just said in response to the previous question, in establishing parentage. And the principal ways in 1939 that Congress could do that was by, A, invoking the existence of a parental relationship, which established sort of as a per se matter that the children born within the marriage were the children of each of the married — each member of the married couple. For parents, children would not fall into that category. There was this additive provision, section H, which provided a mechanism for doing it. And establishing that State contestancy law would recognize this child as the child of, typically it was going to be the paternity that was contested, the child of the father. H established a mechanism for doing that. So I think that we are getting to the same place that your question suggests. Roberts What if the children — well, I don't want to — the Caputo twins were conceived 4 years after the death in this case? Would your argument be the same? I think that our argument would be the same, but as a practical matter, almost all of these cases involve children who were born relatively soon. And why is that? Why would they all involve children born relatively soon after? They don't necessarily have to, but I think the practical reason why they do is that it's often the case that the surviving mother has children to produce a family sibling for an already existing child, as was the case. Roberts So there's no reason it couldn't take place 4 years after? Roberts There is no reason that's correct. Roberts So what happens if the biological mother remarries or something and then goes through this process? Does the child get double survivor benefits or — or — which I assume you would argue that in that case, the child is eligible through two different routes. Roberts Potentially eligible. That's correct. There are rules in the Act that prevent double recovery of survivor benefits, and so I don't think that would be an issue that would arise here. Ginsburg Mr. Rothfeld, these children were born 18 months after the insured wage earner died. If we look to other categories of children, say stepchildren, and there's also one for adopted children. For stepchildren, they qualify only if they had that status no less than 9 months before the wage earner died. And adopted children is also a limitation. The stepchild and the adopted child, there could never be any question of being born 18 months later, they wouldn't qualify. There is a time limit for the other children. And if Congress had thought about this problem, maybe you would have put a time limit on this, too. Roberts Well, I think that the question that the Court has to confront here is, is Congress wrote a Federal definition of the work child. And sort of the first question in the case, I think, is whether we are correct in our understanding that when Congress wrote this definition, all applicants for child survivor benefits fall within that category, those defined categories qualify. And then we have to, if the answer to that is yes, and so children, as defined in Clause 1 of the definition, which we think that the Capado children do, whether or not all children so defined qualify for benefits without regard to state and test of civil law. If we are right about that, then that raises the question, what is the meaning of child in the statute? And we think that the question is what you haven't mentioned, the text that suggests you are not right, which is right in H, which says, In determining whether an applicant is a child of an insured, the Commissioner shall apply such law as intestacy law. Okay? That's what it says. Now, how do you get out of that? Because you say, well, there is an implicit exception. No, no, that's not true. I know what you are saying, that that doesn't apply. And so I have listened carefully to your reasons for saying why H doesn't apply when its language seems to say it does apply, and I'm not sure why it doesn't apply. I mean, suppose that two parents have lived together for 6 years and 4 months in State X and they have a child. Fine. The father dies. Were they married? They never went through a ceremony. Is there a common-law marriage? Might it depend on the State? You know the answer in every State? My answer is you don't know, and I don't know. And therefore, we have to look to the law of the State in order to see whether that E is satisfied. Now, we have to look to it to decide if they are married. Even you say that. So what Congress did is it found a pretty good shorthand way of saying where you look, we are not going to worry about 6 years and 2 months, we are just going to look at their intestacy law. That's, as I read it, what it seems to say. I've been listening to you, and I don't see how you are going to save us from even worse problems, particularly when I started looking at the State of the artificial insemination and so forth, and every State has a dozen different variations. There are uniform acts. There are things you have to acknowledge in writing. It's a very complicated subject. And that's why I'm rather hesitant to read it the way you want, but I want you to reply to the answer. Well, the answer to the first sentence of section H, if that were the only thing in the statute, I think that you would be right, but there is a second sentence to H which says in applying State intestacy law, the Commissioner is supposed to look at the status of an applicant and determine whether or not the status of the applicant is the same as that of a child. And if so, the applicant is deemed to be a child. Where is that sentence? That appears in the last. Is it the bottom of the paragraph? It's the bottom of the paragraph, yes. It says, ''Applicants who according to such law would have had the same status relative to taking intestate property as a child or parent shall be deemed such.'' And then, but as a child, what is the other? It requires a comparison to someone who is a child. Child is defined in section H. If the, if the, I think the problem with the government's interpretation of the first sentence of that, of section H, is that it makes the statute circular. I haven't found the sentence you're talking about. Where is it? The bottom of the paragraph. In the bottom of what, page 9? It is at page 9A of the government, the appendix to the government's brief. It's sort of like I used to, there is no board of tax, sorry, I won't go into that, but it's because they use the word ''deemed'', is that right? That's the heart of your argument. That's our explanation for what Congress is up to in the statute. It, it, it, it, it was an additive provision that says that if you are the same, and I think this is an important point, Justice Breyer, if you are the same as a child, you are deemed to have child status. You can't. Kagan. Mr. Rothfeld, why can't one just say, well, first sentence, whose child? Look to state law. Second sentence, when state law treats other people as children, you should treat them as other, as children, too. So the two sentences can cohere fine. For children, look to state law, and also look to state law to see who they treat just like children. But I, I think that that is not a plausible reading of the text, Justice Kagan. The obvious practical thing is, is that, that, that, you know, once you get beyond this and the child wasn't even, if he's conceived, or what the father could do, couldn't he just write a note and say, this is my child, even if it's conceived later, and then wouldn't he fall within one of these other exceptions, the exception for being acknowledged? He, he, he, he would not, the child, the father here did, in fact, write such a note, but, but I. He has acknowledged in writing that the applicant is his son or daughter. What about that one? I, I think that the problem is that has to be during the life of the father. Does it? It doesn't say it. I mean, it seemed to me easier to work with that one than the one you're trying to work with, but I, I don't know. But anyway, what I'm worried about here is. Well, I don't want to argue against my position. No, no, I know. Okay. What I'm actually worried about and want you to address is, I just see, if we were to adopt what you say, what they're concerned about is many different applicants coming back later. That's what State and Testacy is concerned about, and you don't really know who their parents is. Another thing is, there already are children who are eating up all of the money, and then some new person shows up, and you have to take the money away from the other children in order to give it to this new child. And all the time you don't know if that's what the parent who is dead really wanted. And so that's why the States have gone into all kinds of writing requirements. And, and you want us to sort of, applying this old law to new technology, just overlook those complications. Well, Congress wrote a Federal definition of child, and it's not an extraordinary thing for Congress to write a statute that has language that applies in certain circumstances. And the world changes, and new developments require application of the statutory text to those new developments. If our reading of the statute is correct, if what we think that Congress had in mind when it wrote this statute was that it wanted to set in place categories of applicants for child benefits as to whom parentage in the relevant sense could be determined with certainty, and it did that by focusing on the status of the marital relationship between the parents, and it did it by providing an alternative basis in section H. Ginsburg. Well, that would be fine if the statute said what you claim it said. It says a child is a child of a wage earner, and you have to import these things that Congress didn't say to get to what you claim is a plain meaning. But what do you do with the sentence in H-2A that says, in determining whether an applicant is a child of an insured individual, for purposes of this subchapter? The subchapter is not for purposes of H, but for purposes of the entire subchapter, which would include E. But and I think actually that is a helpful point for us, Justice Ginsburg, because in determining whether an applicant is a child for purposes of the subchapter, it's referring to the use of the word child in the generic sense, in the sense when Congress said a child is defined to include people who fall in these various categories of children. So everybody can say that. How could it do that when the rest of the sentence says, to determine whether an applicant is a child for purposes of this subchapter, the Commissioner shall apply the State law of intestacy? But I think that these two sentences have to be read together as accomplishing the same thing. When I think what the – it's saying that in making the determination whether or not a child qualifies for child benefits, that the Commissioner – applicants who according to such law would have the same status relative to taking intestate personal property as a child shall be deemed such. I think one can't apply the statute without knowing who a child is, because it is directing the Commissioner to engage in a comparison. It's directing the Commissioner to say, does this applicant have the same status as a child. Kagan. Kagan. Kagan. Kagan. But you have two choices. In the second sentence, you do have two groups, and one has to be compared to the other, which is children. The question is are children described by the first sentence of that, or are children described by the E section? So you are just reading the first sentence out of the statute and saying that the Commissioner assumes the first sentence and we have to go back to E. But the first sentence exists, and it says, who are children, children are who they are under State law. No, and I think that what it's telling the Commissioner to do is to determine whether or not when an applicant who does not fall within one of the defined categories in Section E applies for benefits, the Commissioner is to determine whether or not that child has the same status relative to State law as the child as defined in the definitional section. I mean, Congress, as I say, Congress said expressly that a child as defined in Section 416 of the statute qualifies for benefits. And so it's – I think it establishes a Federal standard as to what a child is for purposes of the Act. A court has to determine what that standard means to apply it to any particular child. Roberts. Counsel, under Chevron, you lose if the statute is ambiguous. Is there any reason we shouldn't conclude based on the last hour that it's at least ambiguous? Well, it's a mess. I think the problem is that we are dealing with new technologies that Congress didn't develop, wasn't anticipating at the time. I think one of the questions that was suggested to my friend, Mr. Miller, by Justice Alito, I think, that if a child who is the – in 1939, who is the child of married parents, natural child of married parents, sought benefits under this statute and they were denied because some State developed an aberrant law of intestacy and said that such a child would not qualify, would not be deemed to be the child of their parents, I think that that would have been regarded as clear misreading of the statute. How do you think that Congress thought of either of these situations as real possibilities? Do you really think that the 1939 Congress, or even the one that passed the later statute, ever thought that a State would disinherit a naturally born – all naturally born children, or that children could be born 18 months, 4 years, 50 years later? Well, they weren't thinking of either. So the question becomes, given the language of age that says define child this way throughout the subchapter, why shouldn't we give that directive its plain meaning? That's really the argument that you have to convince us of. Well, if we have to convince you not to give the statute its plain reading, then we are not going to prevail. I certainly recognize that the plain meaning has the control. And as I suggested at the outset, the reason we think we prevail is that the plain meaning of the statute, as was written in 1939, as it would have been understood by the 1939 Congress that adopted it, was that the actual children of married parents, the paradigm of the situation of a child at that time, would fall within this category. Now, it is certainly true, as you say. Is that because every State law recognized them as such as well? Well, and every State law – I put it the other way. Every State law recognized them as such because that was the way in which children were understood, the meaning of the term child was understood at the time. And it was just a – But going back to 1939 understanding, wasn't it also understood that the marriage ends when a parent dies? So there wouldn't be a child that's born 18 months after the father died, wouldn't be considered a child of a marriage, because the marriage would have ended. Well, I think that one has to look at what the Congress at the time – I guess I would put it this way. If the Court were to accept our view that Congress had in mind the children of married parents, the question is whether any particular child falls within a box Congress would have regarded as the marital box or the non-married box. Situations like this simply could not have arisen in 1939. Congress would not have specifically, as Justice Sotomayor said, Congress would not have specifically had in mind, contemplated the question of posthumous conception of the child. Mr. Rothfeld, I know that the government didn't rely on it, but just to satisfy my curiosity, how can this child satisfy the requirements of D1C with regard to dependency upon the father? I guess, through response to that, as Mr. Miller said, that issue was remanded to be addressed by the Court. I understand, but that's connected with this other issue. The answer to that, why we think – and if I may, Mr. Chief Justice, answer. The reason that we think we would prevail on that question is because, as Mr. Miller said, Congress created an irrebuttable presumption that the child of – the legitimate child of a parent is deemed to have been dependent upon that parent at the time of the parent's death. Thank you, counsel. Thank you very much, Your Honor. Mr. Miller, you have 4 minutes. Thank you, Mr. Chief Justice. Since 1940, the Social Security Administration has consistently interpreted the Act to require all natural children to establish their eligibility under 416H, either by establishing that they can inherit under State law or by showing that they qualify under one of the express exceptions. Mr. Miller, what do you think is wrong with the alternative theory that I suggested, that E is all biological children in a marriage, not in a marriage, doesn't matter, and that H is designed to deal with situations in which biological status is contested? Well, the principal problem with that, I think, is that it lacks – it's not supported by the text of what 416H says. But why do you think that? What would you point to in H that is inconsistent with the theory that I just gave you? I would point to H2B and H3, both of which are the exceptions to allow people to qualify when they can't establish State intestacy rights, and both of which refer to someone who is the son or daughter of the insured person, but is not and is not deemed to be the child. So if biological parentage were what was determinative under E, and if you only looked at H when there was some question about biological parentage, it would – the idea of someone who is a son or daughter but isn't a child would make no sense. And so to give effect to those meanings – to give effect to those provisions, to give them meaning, 416H has to have broader application than just in cases of disputed biological parentage. It is, in fact, the gateway through which everyone has to pass, and that's how the agency has so regarded it. The final point I would make is simply that even if the statute were silent on whether to look to State law, it would be appropriate for the Court to hesitate, I think, before creating what in effect is a body of Federal common law about parental status. Here, of course, there's an express textual command the other way. And it would be particularly inappropriate to create, as Respondents are urging, a Federal rule that goes well beyond what any State would allow in the context of this. Alito, why doesn't the last sentence of, what is it, H2A, show that Congress had in mind a certain idea of a category of people who were indisputably children? I don't see how you can get around that, because it says what you're looking for under State law is to determine whether someone has the same status relative to taking and testing a personal property as a child. I think the answer to that is the one suggested by Justice Kagan a few minutes ago, and that is that you have to read the first and the second sentences together. And the first sentence sets up a general rule that you're looking to State law, and the second is about people who would have the same status as children under State law. So the basic background definition in either case is coming from State law. Alito, so if the person is a child, you have applicants who, according to State law, have the same status as a child, that person has that status because the person is a child, then the person is deemed to be a child. It seems very clear that that shows that H, that this provision is directed to people that Congress in 1939 did not think fell within this paradigm of a child. Well, the second — maybe I'm misunderstanding you, but our view of what the second sentence does is that it covers people who are not treated as children, who are not children, but nonetheless have the inheritance rights of children. So it's principally the — in the case of equitable adoption, those people would have the status of children. Thank you, Mr. Miller. Mr. Rothfeld, the case is submitted.